## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

ERIC ALLEN TOWNSEND,

        **CASE NO. 2:19-CV-3629**

    **Petitioner,**       **CHIEF JUDGE ALGENON L. MARBLEY**

        **Chief Magistrate Judge Elizabeth P. Deavers**

    **v.**

WARDEN, NOBLE CORRECTIONAL
INSTITUTION

    **Respondent.**

## REPORT AND RECOMMENDATION

On August 20, 2019, Petitioner, a state prisoner, filed this Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) On that same date, the Clerk issued a Notice of Deficiency, noting that Petitioner had failed to submit the required filing fee or a motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a), and advising him to correct the deficiency within thirty days. (ECF No. 2.) The Notice of Deficiency was returned as undeliverable. (ECF No. 3.) On September 17, 2019, the Clerk forwarded a copy of the Notice of Deficiency to Petitioner at the Correctional Reception Center, advising him to correct the deficiency by October 17, 2019. Petitioner failed to do so. On October 28, 2019, the Magistrate Judge issued an Order to Show Cause again directing the Petitioner to pay the $5.00 filing fee or submit a motion for leave to proceed *in forma pauperis* within twenty-one days and advising him that the failure to do so would result in the recommended dismissal of this action for want of prosecution. (ECF No. 4.) Nonetheless, to date, Petitioner has failed either to submit pay the $5.00 filing fee or file a proper motion to proceed *in forma pauperis*.

Accordingly, it is **RECOMMENDED** that this action be **DISMISSED without prejudice** for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil

Procedure. *Gravitt v. Tyszkiewicz*, 14 Fed. App'x 348, 349 (6th Cir. 2001) (finding that district court did not abuse its discretion when it dismissed habeas petition for want of prosecution under Rule 41(b); petitioner failed to pay filing fees or seek pauper status after being expressly warned that failure to do so might result in dismissal.)

### Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED**.

_____
Elizabeth A. Preston Deavers
Chief United States Magistrate Judge